UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RODNEY GREEN, | ) | CASE NO. 4:05 CV 1859 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THOMAS R. SNIEZEK, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On July 26, 2005, pro se plaintiff Rodney Green filed this Bivens[1] action against Elkton Federal Correctional Institution ("FCI Elkton") Warden Thomas R. Sniezek. In the complaint, plaintiff alleges that he has been held in segregation for almost one year without a hearing, in violation of the Fourteenth Amendment. He asks this court to "intervene and cease the above constitutional violations." (Compl. at 3.)

*Background*

Mr. Green alleges he was placed in the Segregation Housing Unit on October 2, 2004 following an altercation with a corrections officer. He contends Officer Traylor struck him with a closed fist and proceeded to choke him. The Officer charged Mr. Green with "threatening

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

another with bodily harm and or assault." (Compl. Ex. B.) He claims the report contained a number of inconsistencies and lacked merit. He indicates that Officer Traylor is notorious for assaulting inmates and that he is being held in the segregation unit so that Officer Traylor can remain employed. Mr. Green contends that the Special Investigator Supervisor concluded the investigation in October 2004 but has withheld the report to deny him a fair hearing. He asserts that he has been denied due process.

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

If the inmate reasonably believes the issue he is grieving is sensitive and would place the inmate in danger if his grievance were made known at the institution, the inmate may file a grievance directly with the Regional Director on a BP-10 form. If the Regional Director agrees that the Request is sensitive, the Request shall be accepted. If the Regional Director does not agree with the inmate's assessment of the nature of the grievance, the inmate will be informed of the determination and given the opportunity to pursue the grievance through local channels with a BP-9 form. 28 C.F.R. § 542.14(D)(1).

There is no indication that Mr. Green exhausted his administrative remedies for each of his claims against each of the defendants. He attaches two grievance forms to his complaint. He includes a copy of a "sensitive BP-10" form filed with the Regional Director on March 1, 2005.[2]

---

[2] Mr. Green indicates on the grievance form that he intended to file a "sensitive BP-9."
(continued...)

In the grievance, he alleged that he had been attacked by Corrections Officer Traylor and had been unfairly charged with a disciplinary offense. He also includes a copy of a BP-10 form submitted to the Regional Director as an appeal of a BP-9 decision. In that grievance he asserts that Officer Traylor did not follow protocol to deal with the alleged hostility. While he includes copies of correspondence and requests for information under the Freedom of Information Act, there is no indication that he filed any other grievances with respect to this incident or his continued incarceration in the segregation unit. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Mr. Green has not satisfied that burden.

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

S/Peter C. Economus - 10/14/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2] (...continued)
(Compl. Ex. B.) BP-9 forms are filed at the institution with the designated prison official, usually the warden. 28 C.F.R. § 542.14. The court presumes he meant to file a sensitive BP-10 form.

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.